UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARREN CHIACCHIA and
INDEPENDENCE FARM, LLC

                Plaintiffs,

    v.

CHARLOTTE SCHITKEDANZ,
THOMAS NOWASKY, and
GALTEN FARMS LTD.,

                Defendants.

**DECISION AND ORDER**
11-CV-837A

On October 5, 2011, plaintiffs Darren Chiacchia and Independence Farm, LLC filed a complaint accusing defendants Charlotte Schitkedanz, Thomas Nowasky, and Galten Farms Ltd. of failure to pay them $902,965.90 for veterinary and training services for four horses owned by defendants but currently in plaintiffs' possession. On October 13, 2011, plaintiffs moved for a temporary restraining order prohibiting defendants from attempting to take possession of their horses before plaintiffs are fully compensated for their services. The motion for a temporary restraining order apparently was filed *ex parte*, since the docket does not reflect service of either the complaint or the motion.

"The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or

a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ." Fed. R. Civ. P. 65(b).  "A party seeking a temporary restraining order or a preliminary injunction must demonstrate (1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor. The burden rests on the moving party to establish these elements by a preponderance of the evidence."  *Emmet & Co., Inc. v. Catholic Health East*, No. 11 Civ. 3272, 2011 WL 2015533, at *1 (S.D.N.Y. May 18, 2011) (internal quotation marks and citations omitted).  "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances."  *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (citations omitted).

Upon reviewing the motion papers, the Court finds that plaintiffs have not met the burden necessary for immediate equitable relief issued *ex parte*.  The complaint appears to center on a breach of contract, which money damages can address.  Because plaintiffs are proceeding *pro se*, however, the Court will construe the motion for a temporary restraining order in the alternative as a motion for a preliminary injunction.  Under those circumstances, the Court will

give plaintiffs an opportunity, on notice to defendants, to explain further why injunctive relief might be appropriate.

On or before **October 28, 2011**, plaintiffs shall serve defendants with the complaint, the motion papers, and a copy of this Order in any manner that will generate confirmation of receipt, and shall file that confirmation as proof of service.  Also on or before **October 28, 2011**, the corporate plaintiff must have counsel file a written notice of appearance, since corporations cannot appear *pro se*.

On or before **November 14, 2011**, defendant shall file any responding papers regarding the motion for injunctive relief.  Plaintiffs shall file any reply papers on or before **November 28, 2011**.  Oral argument is scheduled for **Thursday, December 1, 2011 at 9:00 a.m.**

The Clerk of the Court shall mail a copy of this Order to plaintiff.

SO ORDERED.

                          */s/ Richard J. Arcara*
                          HONORABLE RICHARD J. ARCARA
                          UNITED STATES DISTRICT JUDGE

DATED: October 14, 2011