**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**DARREN CHIACCHIA and**
**INDEPENDENCE FARM, LLC,**

                                        **Plaintiffs,**

                **-vs-**                                        **11-CV-837RJA(HKS)**

**CHARLOTTE SCHITKEDANZ,**
**THOMAS NOWASKY, and**
**GALTEN FARMS LTD,**

                                        **Defendants.**

_____

## REPORT, RECOMMENDATION AND ORDER

          This case was referred to the undersigned by order of the Hon. Richard J.

Arcara on December 1, 2011 for all pretrial matters and for report and recommendation

on dispositive motions pursuant to 28 U.S.C. § 636(b).  Dkt. #15.


## PROCEDURAL BACKGROUND

          Plaintiff Darren Chiacchia commenced this action with the filing of a _pro se_

complaint on October 5, 2011 seeking damages for breach of contract and/or quasi

contract, declaratory relief, and an injunction.  Dkt. #1.  He alleged that, since 1991,

plaintiff Independence Farm, LLC and defendants Schickedanz[1] and Galten Farms had

been engaged in a business relationship involving the purchase, training, and sale of

_____

          [1] The names of defendants Schickedanz and Nowaskey are misspelled in the
complaint and official docket.  This Court will use the correct spelling of their names
when referring to the individual defendants.

horses.  Dkt. #1, ¶ 5.  The business arrangement entailed the shipping of horses to plaintiffs by defendants, with defendants paying for the care of the horses by plaintiffs, and the proceeds of the sale of the horses being divided among the parties.  Dkt. #1, ¶¶ 6, 12, 13.  Plaintiff alleged that defendants stopped making payments toward the care of the horses in the spring of 2008.  *Id., ¶ 7.*

On October 13, 2011, plaintiffs filed a motion for a temporary restraining order, seeking to prevent the defendants from removing or threatening to remove any of the horses in plaintiffs' care, custody, and control until the financial responsibilities of the parties had been determined.  Dkt. #2.  In a Decision and Order filed October 14, 2011, the court noted that neither the complaint nor the motion had been served on the defendants and denied the plaintiffs' request for immediate *ex parte* relief.  Dkt. #4.  In the alternative, the court construed the motion as one for a preliminary injunction and directed that plaintiffs serve the complaint and motion papers on the defendants and file proof of service.  Additionally, the court directed that Independence Farm, LLC obtain representation, as the corporate defendant may not appear *pro se.  Id.*

The defendants filed an answer to the complaint on November 21, 2011. Dkt. #10.  They raised thirty affirmative defenses including, *inter alia,* lack of subject matter jurisdiction and /or supplemental jurisdiction, lack of personal jurisdiction, improper venue, insufficient service of process, failure to state a claim upon which relief may be granted, failure to join necessary parties, statute of limitations, statute of frauds,

and the existence of parallel litigation pending in the state of Florida.  *Id.*  Plaintiffs filed

proof of service of the complaint on November 29, 2011.  Dkt. #13.


As noted above, on December 1, 2011, the case was referred to the

undersigned.  Dkt. #15.  At that time, the plaintiffs advised the court that they were

withdrawing the motion for a preliminary injunction.  On December 9, 2011, the

defendants filed an amended answer and asserted seven counterclaims - for an

accounting, breach of contract, breach of fiduciary duty, return of chattel, conversion,

fraud, and unjust enrichment.  Dkt. #18.


On December 30, 2011, the defendants filed a motion seeking dismissal

of the complaint on the grounds of lack of jurisdiction, lack of proper service, improper

venue, *forum non conveniens,* failure to state a claim upon which relief may be granted,

and abstention.  Dkt. #22.  This Court issued its Report, Recommendation and Order

with respect to defendants' motion to dismiss on June 22, 2012.  Dkt. #29.  In its

Report, Recommendation and Order, the Court found that personal jurisdiction over the

defendants is proper under New York's long-arm statute and further, that plaintiffs

sustained their burden of establishing specific personal jurisdiction and recommended

denial of defendants' motion to dismiss for lack of jurisdiction.  Dkt. #29, pp.8-16.  In

addition, this Court further concluded that venue in this district is proper.  *Id*. at p.17.

With respect to defendants' assertion that service was not proper, the Court stated that

absent specific arguments or citations to the Hague Convention and/or Canadian law,

the Court assumed that service by a Canadian process service company was effected

according to the law of Canada.  Accordingly, the Court recommended that defendants'

motion to dismiss for failure to properly serve the defendants be denied.  Dkt. #29,

pp.17-20.

Defendants next asserted that the complaint should be dismissed based

on the doctrine of *forum non conveniens*.  Under the doctrine, "dismissal will ordinarily

be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the

defendant or the court, and where the plaintiff is unable to offer any specific reasons of

convenience supporting his choice."  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249

(1981).  In its Report, Recommendation and Order, this Court stated,

> In this case, the plaintiffs' choice of forum is accorded
> substantial deference.  Plaintiff is a resident of this district
> and the office manager and custodian of plaintiffs'
> business records is located here. Some witnesses and
> documents are likewise located in the Western District of
> New York. Additionally, plaintiffs have legal and family
> support in this area. There is no indication that the choice of
> this forum is an attempt to win some tactical advantage over
> the defendants or the result of forum-shopping.

Dkt. #29, p.22.  Thereafter, the Court determined the existence of an adequate

alternative forum, Florida and turned to consideration of the public and private factors

relevant to the *forum non conveniens* calculus.  Dkt. #29, pp.23-24.  The Court

concluded that plaintiffs' choice of forum is entitled to great deference and although an

alternative forum exists, the analysis of the public and private factors do not compel the

conclusion that the "balance has shifted strongly in favor of the defendant so as to

supplant the plaintiff's [sic] preferred choice of forum."  *Id*. at p.24.  Therefore, this Court

recommended that defendants' motion to dismiss on the grounds of *forum non conveniens* be denied.  *Id*.

Defendants next sought dismissal of plaintiffs' complaint in the exercise of the court's inherent power of abstention from parallel litigation.  In addressing that issue, this Court concluded that the issues raised in the instant case and in the Florida action are the same - whether there was a breach of contract and by which party. However, this Court stated that the existence of a state proceeding involving the same issues is not by itself sufficient to justify dismissal and further, none of the factors outlined in *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976) weighed significantly in favor of abstention.

Finally, this Court considered defendants argument that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim as to Charlotte Schickedanz and Thomas Nowaskey.  With respect to that argument, this Court stated,

> In the complaint, plaintiffs have merely alleged that the parties had a longstanding business relationship. While it may be that the individual defendants are the alter egos of the corporate entity, those facts have not been explicitly pleaded.  However, as the complaint was drafted by a *pro se* plaintiff, it is recommended that plaintiff be afforded an opportunity to amend the complaint forthwith to add specific factual allegations so as to allege individual liability of defendants Schickedanz and Nowaskey. *See Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) ("court should not dismiss without granting leave to amend at least once when

> a liberal reading of the complaint gives any indication that a
> valid claim might be stated.").

Dkt. #29, p.27.

       Following the issuance of this Court's Report, Recommendation and
Order, defendants filed objections to United States District Judge Richard J. Arcara.  In
his Decision and Order adopting this Court's Report, Recommendation and Order,
Judge Arcara stated,

> Upon a *de novo* review, and after reviewing the submissions
> from the parties, the Court hereby adopts Magistrate Judge
> Schroeder's recommendation to deny defendants' motion to
> dismiss the complaint based upon lack of jurisdiction, lack of
> proper service, improper venue, *forum non conveniens*,
> failure to state a claim upon which relief may be granted,
> and abstention. The Court also adopts Magistrate Judge
> Schroeder's recommendation that plaintiffs be afforded an
> opportunity to amend the complaint to add specific factual
> allegations so as to allege individual liability of defendants
> Schickedanz and Nowaskey.

Dkt. #34, p.2.  Specifically, Judge Arcara granted plaintiffs leave to file an amended
complaint with respect to the claims against individual defendants Schickedanz and
Nowaskey on or before March 20, 2013.  *Id*. at p.3.

       Plaintiffs failed to file an amended complaint by the March 20, 2013
deadline.  In mid-July 2013, the parties and counsel appeared before this Court for a
status conference wherein the issue of a possible change in representation of the
defendants was discussed and the further possibility of the need for this Court to recuse
itself from further handing of the matter.    The Court was subsequently advised that the

defendants would continue to be represented by current counsel, thereby eliminating

the concern for recusal and this Court scheduled a further status conference for August

27, 2013.  Dkt. #38.  The August 27, 2013 status conference was later cancelled upon

notification to the Court that the issues which were to be the subject of the status

conference had been resolved.  Dkt. #42.

On August 7, 2013, defendants filed the instant motion for a default

judgment on defendants' counterclaims and for dismissal of the complaint as against

defendants Charlotte Schickedanz and Thomas Nowaskey.  Dkt. #39.  This Court

issued a scheduling order on August 8, 2013 with respect to the instant motion,

responses due by September 13, 2013, replies due by October 4, 2013.  Dkt. #41.  This

Court then later reiterated the scheduling order in a separate Text Order on September

3, 2013.  Dkt. #43.  To date, plaintiffs have neither filed an amended complaint nor filed

a response to the instant motion.

## DISCUSSION AND ANALYSIS

**Motion for Default on Defendants' Counterclaims**

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed

when there is a default in the course of litigation."  *Vermont Teddy Bear Co., Inc. v. 1-*

*800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).  This Rule provides that "[w]hen a

party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

enter the party's default." Fed. R. Civ. P. 55(a).[2]  The Rule "tracks the ancient common

law axiom that a default is an admission of all well-pleaded allegations against the

defaulting party."  *Vermont Teddy Bear Co., Inc.,* 373 F.3d at 246.


Specifically, defendants allege the following seven counterclaims:

accounting and breach of contract; breach of contract; breach of fiduciary duty; return of

chattel; conversion; fraud; and, unjust enrichment.  Dkt. #18.  As plaintiffs Darren

Chiacchia and Independence Farm, LLC have failed to answer defendants' seven

counterclaims, despite a certificate of service indicating service of the pleading in

accordance with Rule 5 of the Federal Rules of Civil Procedure on December 9, 2011, it

is recommended that defendants' motion for entry of default be granted and that a

default judgment on liability be entered against Darren Chiacchia and Independence

Farm, LLC.[3]

---

[2] In accordance with Fed. R. Civ. P. 55(b), following the entry of default and upon application by the party seeking judgment, the court will conduct an inquiry, by hearing or affidavit, to ascertain the amount of damages with reasonable certainty.  *See Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

[3] Specifically, the Certificate of Service filed with Defendants' Amended Answer with Defenses and Counterclaims (Dkt. #18-1) indicates that the Amended Answer with Defenses and Counterclaims was electronically filed with the Clerk of the District Court using the CM/ECF system which would then electronically notify the plaintiffs in this case and that defendants also served the document by mailing a copy to plaintiff Darren Chiacchia at his Springville, New York and Ocala, Florida addresses and to Allithea E. Killeen, Esq., attorney for plaintiff Independence Farm, LLC.  *See* Dkt. #18-1.

**Motion to Dismiss**

As discussed above, this Court, in its Report, Recommendation and Order filed on June 22, 2012, addressed defendants' motion to dismiss for failure to state a claim.  Dkt. #29, pp.26-27.  That discussion is incorporated by reference herein.  As set forth in that Report, Recommendation and Order and later adopted by District Judge Arcara, plaintiffs were given the opportunity to amend the complaint to include specific allegations so as to allege individual liability of defendants Schickedanz and Nowaskey. Indeed, in his Decision and Order adopting this Court's Report, Recommendation and Order, Judge Arcara gave plaintiffs until March 20, 2013 to file an amended complaint.

To pierce the corporate veil, plaintiff must generally show two things: "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury."  *Playwell Toy Inc. v. Bureau Veritas Consumer Product Services*, No. 03-CV-0704C(Sc), 2007 WL 2892031, at *10 (W.D.N.Y. Sept. 28, 2007), *quoting, Astroworks, Inc. v. Astroexhibit, Inc.*, 257 F.Supp.2d 609, 614, n.8 (S.D.N.Y. 2003); *see also, Morris v. N.Y. State Dep't of Taxation & Finance*, 82 N.Y.2d 135 (1993).

"Purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under Rule 8(a)'s liberal notice pleading

standard." *Playwell Toy, Inc. v. Bureau Veritas Consumer Products Services*, 2007 WL 2892031, at \*10 (W.D.N.Y. Sept. 28, 2007).

"To avoid dismissal, a party seeking to pierce the corporate veil must present factual allegations concerning both elements of the doctrine." *Playwell*, 2007 WL 2892031, at \*10; *citing*, *EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 512 (S.D.N.Y. 2005).  "Allegations concerning the domination element are subject to the basic pleading standard of Rule 8.  Allegations concerning the fraud or wrongful act element are subject to the heightened pleading standard of Rule 9(b) to the extent that they allege fraud." *DirecTV Latin America, LLC v. Park 610, LLC*, 691 F.Supp.2d 405, 432 (S.D.N.Y. 2010), *citing, Bravado International Group Merchandising Services, Inc.. v. Ninna, Inc.*, 655 F.Supp.2d 177, 197 (E.D.N.Y. 2009).

Despite being given the opportunity to amend the complaint, plaintiffs failed to file an amended complaint or seek an extension of time within which to file such an amended complaint.  Moreover, plaintiffs have failed to respond to the instant motion or seek an extension of time within which to file such response.  Accordingly, for the foregoing reasons, this Court recommends that defendants' motion to dismiss the complaint against defendants Charlotte Schickedanz and Thomas Nowaskey be granted.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis

-11-

for such objection and shall be supported by legal authority."  <u>Failure to comply with the</u>

<u>provisions of Rule 72(b) may result in the District Judge's refusal to consider the</u>

<u>objection.</u>


   **SO ORDERED.**


**DATED:**  **Buffalo, New York**
     **February 6, 2014**

          ***<u>s/ H. Kenneth Schroeder, Jr.</u>***
          **H. KENNETH SCHROEDER, JR.**
          **United States Magistrate Judge**