```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

DARREN CHIACCHIA and INDEPENDENCE
FARM, LLC,

                Plaintiffs,        **DECISION AND ORDER**
                                         **No. 1:11-cv-00837-MAT-HKS**
   -vs-

CHARLOTTE SCHITKEDANZ, THOMAS
NOWASKY,[1] and GALTEN FARMS LTD,

                Defendants.
_____

## I.   Introduction

     Darren Chiacchia ("Chiacchia") and Independence Farm, LLC ("the Farm") (collectively, "Plaintiffs") instituted this action by filing a pro se Complaint (Dkt #1) on October 5, 2011, against Charlotte Schickedanz ("Schickedanz"), Thomas Nowaskey ("Nowaskey"),[1] and Galten Farms, Ltd. (collectively, "Defendants"). The Complaint asserts causes of action for breach of contract/quasi-contract, declaratory relief, and an injunction. Presently pending before the Court is Defendants' Motion for Default Judgment on Counter-Claims and for Dismissal of the Complaint as to Schickedanz and Nowaskey ("Default Motion") (Dkt #39).

---

[1] The names of defendants Schickedanz and Nowaskey are misspelled in the Complaint and the official docket. When referring to these individuals, the Court will use the correct spelling of their names as supplied by their attorney.

## II. Factual Background and Procedural History

Previously, Defendants had moved to dismiss the Complaint on various grounds. Magistrate Judge Schroeder issued an R&R finding the Complaint failed to sufficiently state claims as to the individual defendants Schickedanz and Nowaskey but recommending that Plaintiffs be permitted to amend the Complaint. District Judge Richard J. Arcara adopted the R&R in full and ordered Plaintiffs to file their Amended Complaint rectifying the pleading deficiencies identified by the Court by March 20, 2013. Plaintiffs did not file an Amended Complaint by that date or move for an extension of time in which to do so.

Defendants subsequently filed the pending Default Motion. On February 6, 2014, Magistrate Judge H. Kenneth Schroeder issued a Report, Recommendation, and Order ("R&R" or "Report-Recommendation") (Dkt #44) recommending that the Complaint be dismissed as to Schickedanz and Nowaskey due to their failure to file an Amended Complaint remedying the various pleading deficiencies, and that default judgment be entered in favor of Defendants on their counter-claims. On February 20, 2014, the date objections were due, Plaintiffs sought and were granted an extension of time until March 1, 2014, to file objections.

On March 3, 2014, Allithea Killeen, Esq. ("Killeen"), former attorney for the Farm, filed an affidavit. On March 7, 2014, Chiacchia filed an affidavit, in which he indicated, inter alia,

that Killeen was being suspended from the practice of law and could no longer represent the Farm.

On March 14, 2014, Magistrate Judge Schroeder issued a text order granting Chiacchia's request for a further extension of time until April 9, 2014, but making no mention as to whether the Farm was granted the same extension. Chiacchia did not file any additional documents between March 7 and April 9, 2014.

Defendants interpreted Chiacchia's and Killeen's March 2014 submissions as objections to the R&R and subsequently filed responses to them.

On May 20, 2014, Defendants' attorney, Timothy Graber, Esq. ("Graber") received unfiled copies of Plaintiffs' Verified Complaint dated April 18, 2014, and Plaintiffs' Verified Answer to Defendants' Counterclaims, dated March 29, 2014. On May 21, 2014, Graber received an affidavit sworn to by Chiacchia on May 16, 2014. Graber wrote to Chiacchia explaining that he could not accept service of these pleadings for multiple reasons, including the pendency of the Default Motion and the fact that Chiacchia, a non-attorney, had improperly executed documents on behalf of the Farm, a corporation.

On May 22, 2014, Chiacchia filed the Verified Complaint and Verified Answer to Defendants' Counterclaims with the Court and, on May 23, 2014, attempted to correct the deficiencies in the verification pages. Graber informed Chiacchia by letter dated May

28, 2014, that he still could not accept service on behalf of Defendants of these proposed pleadings.

### III. Discussion

#### A. The Proposed Amended Complaint and Answer to Counterclaims

The Court has construed Plaintiffs' recently filed Verified Complaint and Verified Answer to Counterclaims as a motion to amend their pleadings under Federal Rule of Civil Procedure ("F.R.C.P.") 15(a). For the reasons discussed below, amendment is not proper, and these pleadings must be stricken from the docket.

##### 1. Chiacchia cannot move to amend on behalf of the Farm.

Chiacchia, who is not an attorney, cannot represent the Farm, a corporation, in court. See Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) ("Since, of necessity, a natural person must represent the corporation in court, we have insisted that that person be an attorney licensed to practice law before our courts.") (citing Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967) ("it is settled law that a corporation cannot appear other than by its attorney."); other citations omitted). Therefore, the Verified Amended Complaint and Verified Answer to Defendants' Counterclaims are a legal nullity as to the Farm.

##### 2. Permission to amend is denied as to Chiacchia.

F.R.C.P. 15(a) governs pretrial amendments to the pleadings. It provides in relevant part as follows:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
>> (A) 21 days after serving it, or
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. . . .

FED. R. CIV. P. 15(a).

Here, subsection (1)(A) is clearly inapplicable given the length of time that has passed since the original Complaint was filed. Likewise, subsection (1)(B) cannot be invoked since well over 21 days has passed since Defendants' filing of their Answer. That leaves subsection (2) as the only possible route for Chiacchia to amend his pleadings. Defendants are adamant in their refusal to consent to the amendment. Therefore, Chiacchia must obtain leave of this Court to amend.

While the Federal Rules of Civil Procedure provide that leave to amend "shall be freely given," F.R.C.P. 15(a), there are valid reasons for denying a plaintiff leave to amend, including undue delay, bad faith, or the futility of the amendment. Mackensworth v. S.S. American Merchant, 28 F.3d 246, 251 (2d Cir. 1994) (citing

Foman v. Davis, 371 U.S. 178, 182 (1962); other citations omitted). "Where there has been excessive delay before seeking to serve the amended complaint, leave to do so should be denied absent a convincing explanation for the delay." Goss v. Revlon, Inc., 548 F.2d 405, 407 (2d Cir. 1976), cert. denied, 434 U.S. 968 (1977). Here, the proposed amended pleadings were filed on May 22, 2014, which was one year, two months, and two days after the March 20, 2013 Court-ordered deadline for filing an Amended Complaint. In the Court's opinion, this represents an undue and excessive delay. Therefore, the Court must decide whether Chiacchia has offered a "convincing explanation for the delay." Goss, 548 F.2d at 407.

In his most recently filed affidavit, Chiacchia references having experienced certain medical issues over the course of this litigation, as well as losing the assistance of his attorney due to her suspension from the practice of law. Chiacchia apparently was injured in a riding accident in 2008, and was hospitalized for spinal meningitis in January 2013. While Chiacchia's January 2013, hospitalization was close in time to the March 2013 due-date for his Amended Complaint, he states that he had been discharged from the hospital and had completed his out-patient care by the end of February 2013. Chiacchia could have filed a motion for an extension of time based on his recent hospitalization; however, he did not do so. Notably, his attorney still was licensed to practice law at that point. Chiacchia could have directed her to file an

application for an extension on his behalf, but he apparently did not do so. Chiacchia instead simply ignored the Court-imposed deadline. Defendants note that on July 15, 2013, Chiacchia appeared before Magistrate Judge Schroeder, who reminded him that an Amended Complaint had not been filed. However, this prompting still did not spur Chiacchia into taking action to preserve his claims. Instead, Chiacchia waited almost another year before submitting procedurally deficient pleadings, without seeking the Court's permission for the late filing.

It bears emphasizing that during the time-period from July 2013, to May 2014, Chiacchia has not established any impediments to his filing an Amended Complaint, or simply seeking an extension of time in which to do so. Given his appearance before the Court in July 2013, it appears that his medical issues largely had resolved by that time. Furthermore, Chiacchia had the assistance of his attorney up until she was suspended in April 2014. In any event, Chiacchia's pro se status is insufficient to justify his failure to amend in a timely fashion. See Goss, 548 F.2d at 407 ("The appellant, in seeking to add myriad new claims, advances no reason for his extended and undue delay, other than ignorance of the law; such a failure has been held an insufficient basis for leave to amend.") (citations omitted).

The Court notes that Chiacchia does not allege that any new facts have come to light in the time between the filing of the

original Complaint and the filing of the proposed Amended Complaint. The allegations set forth in the Amended Complaint are based on Chiacchia's personal knowledge of past dealings with the individual defendants, and thus these allegations could have been made at the time of filing the original Complaint or within a reasonable time thereafter. Courts "may deny an amendment that is based on facts the moving party knew or should have known when it filed its original complaint." In re Sept. 11 Litig., No. 04 CIV. 7318(AKH), 2009 WL 3459477, at *2 (S.D.N.Y. Oct. 28, 2009) (citing New Hampshire Ins. Co. v. Total Tool Supply, Inc., 621 F. Supp.2d 121, 124 (S.D.N.Y. 2009)); see also, e.g., Phaneuf v. Tenneco, Inc., 938 F. Supp. 112, 116 (N.D.N.Y. 1996) (finding that moving party failed to provide "convincing reason" for delay where "nothing new has come to light in between the time that the original complaint was filed and the time the motion to amend was made" and movant's "attorney had all the information that was needed to bring a [particular] cause of action . . . in the original complaint or within a reasonable time thereafter").

The Second Circuit has stated that with regard to prejudice, "[t]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983) (quotation omitted). Here, "[a]lthough [D]efendants have not suffered prejudice of a specific nature," they "have an

interest in prompt resolution of suits in which they have been named[.]" Copeland v. Rosen, 194 F.R.D. 127, 132 (S.D.N.Y. 2000). Moreover, "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." Shannon v. General Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999) (citation omitted). Courts in this Circuit have found that "[o]ne of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action." H.L. Hayden Co. of New York v. Siemens Med. Sys., Inc., 112 F.R.D. 417, 419 (S.D.N.Y. 1986) (collecting cases). Here, allowing amendment would significantly delay the resolution of this matter, since discovery has not even commenced. Furthermore, in addition to merely delaying an unreasonable length of time before filing his Amended Complaint, Chiacchia disregarded a Court-imposed scheduling order and ignored a personal reminder about his delinquency from Magistrate Judge Schroeder. In the context of F.R.C.P. 41(b), which permits involuntary dismissal for a party's failure to prosecute a case or to obey a court order, the Second Circuit has held that "[p]rejudice to defendants resulting from unreasonable delay may be presumed." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982).

The Court finds that the long period of delay (one year, two months, and two days) between the Court-imposed filing deadline and

the filing of Chiacchia's Verified Amended Complaint constitutes sufficient prejudice to deny the motion to amend, especially where the delay included not only Chiacchia's flouting of a Court order, but his failure to heed a personal reminder from Magistrate Judge Schroeder about the necessity of filing the Amended Complaint. See, e.g., NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd., 262 F. Supp. 2d 134, 151 (S.D.N.Y. 2003) (delay of "nearly two years" before the plaintiffs sought leave to file an amended complaint was "sufficient to constitute prejudice so as to deny [the] motion to amend, even under the Rule 15(a) liberal 'freely given' standard") (citations omitted); State of N.Y. v. Cedar Park Concrete Corp., 741 F. Supp. 494, 497 (S.D.N.Y. 1990) (denying motion to amend where plaintiff sought to assert damage claims "a full two years after this Court dismissed the damages claims asserted by plaintiff on behalf of all unidentified state subdivisions without prejudice to repleading within 60 days"). Chiacchia will not be permitted to file untimely amended pleadings, and his Verified Amended Complaint will be stricken from the docket.

**III. Discussion of the R&R**

    **A.   Plaintiffs' procedural objections are meritless.**

        **1.   Killeen's objections are factually unsupported and meritless.**

Plaintiffs' former attorney, Killeen, asserts in her affirmation that she was unable to respond to Defendants' motion papers because she did not receive them. According to Killeen, she

-10-

was unable to receive the motion papers electronically and, despite being aware of this, Defendants' attorney nevertheless did not send her the papers by another means. Leaving aside the fact that, pursuant to the Western District Administrative Procedures Guide, all attorneys in civil cases are required to file papers electronically and must register as Filing Users of the Court's Electronic Filing System, Defendants' attorney has submitted proof that he *did* attempt to serve Killeen by mail per her request. Graber notes that the Certificate of Service for the Default Motion shows that on August 7, 2013, the motion papers were both electronically filed and sent by overnight mail to Killeen at, inter alia, 9080 Cole Road, Boston, New York 14025. See Dkt #49 & Exhibits ("Exs.") B & C. Killeen has admitted this is a valid address, and even specifically requested that Graber serve her at the Cole Road address. See Dkt #49-1, p. 11 of 22 (e-mail from Killeen to Graber asking, "[P]lease make sure I get served by mail at my Cole Rd. address. . . ."). Although Killeen informed Graber that she was "not connected electronically in Fed. Ct.," Dkt. #49-1, p. 9 of 22, there is no indication that the e-mails sent from "webmaster@nywd.uscourts.gov" were returned to the Court as undeliverable. Therefore, Killeen presumably received notification that Defendants' Default Motion was filed electronically on August 7, 2013, and that Magistrate Judge Schroeder issued a text order on August 8, 2013, scheduling the time for responses and replies on

Defendants' Default Motion, as well as a text order on September 3, 2013, which references the Default Motion. Thus, as Defendants argue, even if Killeen did not actually receive the Default Motion by mail, and also was unable to access document filings via e-mail, she was on notice of the Default Motion by means of multiple additional communications. In sum, Killeen's argument premised on lack of notice is factually without substance and wholly meritless.

### 2. Chiacchia's objections are without merit.

Like Killeen, Chiacchia asserts that he did not receive Defendants' Default Motion. However, as Defendants note, the Certificate of Service indicates that Chiacchia was served with the Default Motion at two different addresses on August 7, 2013. See Dkt #49, Ex. A. In addition, Chiacchia should have received various notifications from the Court that Defendants had moved for default judgment, including those referenced in Section III.A.1, supra. Furthermore, Graber's letter dated September 17, 2013, addressed to Chiacchia personally, referenced the Default Motion.

As set forth above, Chiacchia apparently has experienced various medical and personal issues over the course of this litigation, and no longer is represented by Killeen due to her suspension from practice. However, as the Court discussed above, the events at issue occurred in 2013 and 2014. The Court finds that they do not excuse Chiacchia's failure to respond in a timely fashion to Defendants' counter-claims, which were asserted in 2011,

the same year he was able to commence this lawsuit pro se.

In sum, the Court is unpersuaded by Chiacchia's argument regarding the alleged lack of notice. Furthermore, his purported inability, due to health issues, to file an answer to Defendants' counterclaims and Amended Complaint is belied by his litigation conduct, including his ability to submit other filings and appear in Court.

### B. The R&R regarding the Default Motion is correct under a de novo standard of review.

The Court is cognizant that Chiacchia is proceeding pro se and that "[t]he dismissal of an action [or claims] with prejudice or the entry of a judgment by default are drastic remedies," Marfia v. T.C. Ziraat Bankasi, N.Y. Branch, 100 F.3d 243, 249 (2d Cir. 1996) (quotation omitted). Out of an abundance of caution, the Court has reviewed the R&R under a de novo standard of review, the most favorable standard for an objecting party.[2]

#### 1. The R&R correctly concluded that entry of default is warranted as to Defendants' counterclaims.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the

---

[2] When specific objections are made to an R&R, the district judge makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When a party makes no objection, or only general objections to a portion of an R&R, the district judge reviews it for clear error or manifest injustice. See FED. R. CIV. P. 72(b), Advisory Comm. Notes.

party's default." FED. R. CIV. P. 55(a) (emphasis supplied). Defendants' attorney, Graber, has filed an Affidavit (Dkt #39-1) indicating that Defendants timely served their Amended Answer with Defenses and Counterclaims (Dkt #18) on December 9, 2011, along with a Certificate of Service (Dkt #18-1) verifying that the Amended Answer with Defenses and Counterclaims was properly served on Plaintiffs. Within 21 days after being served with a pleading that states a counterclaim, a party must serve an answer to that counterclaim. See FED. R. CIV. P. 12(a). Therefore, Plaintiffs were required to serve a responsive pleading to Defendants' counterclaims within 21 days of the service date (December 9, 2011), i.e., by December 30, 2011. At the time Defendants filed their Default Motion, Plaintiffs had not filed any pleading responding to Defendants' counterclaims. As discussed above, the Court has denied permission to Plaintiffs to file any amended pleadings and stricken Chiacchia's and the Farm's proposed amended pleadings from the docket.

Because Defendants have satisfied the requirements of F.R.C.P. 55(a), the Court must grant the Default Motion and enter default judgment in their favor on the counterclaims asserted in their Amended Answer with Defenses and Counterclaims (Dkt #18).

> **2. The R&R correctly concluded that dismissal of the claims against the individual defendants is warranted.**

In his June 22, 2013 R&R (Dkt #28), which was adopted in full

by District Judge Arcara, Magistrate Judge Schroeder found that Plaintiffs' Complaint had failed to plead facts sufficient to sustain a cause of action against Schickedanz and Nowaskey in their individual capacities. In light of Plaintiffs' pro se status as of the time of the Complaint's initial filing, Magistrate Judge Schroeder recommended that Plaintiffs be permitted to file an Amended Complaint rectifying these pleading deficiencies. By Decision and Order dated February 20, 2013, the Court (Arcara, D.J.) directed Plaintiffs to file their Amended Complaint on or before March 20, 2013.

As discussed above, the Court has found that the Farm's Amended Complaint is a nullity, and that Chiacchia has not satisfied the standard for belatedly amending his Complaint. Because Plaintiffs have failed to remedy the pleading deficiencies identified by Magistrate Judge Schroeder and adopted by District Judge Arcara, Schickedanz and Nowaskey are entitled to an award of summary judgment and dismissal of Plaintiffs' Complaint against them in accordance with District Judge Arcara's February 20, 2013 Decision and Order.

**V.   Conclusion**

For the reasons discussed above, the Court adopts Magistrate Judge Schroeder's R&R (Dkt #44) in its entirety. Specifically, Defendants' Default Motion (Dkt #39) is granted in its entirety; summary judgment in favor of Schickedanz and Nowaskey is granted;

the Farm's Verified Amended Complaint and Answer to Defendants' Counterclaims are legal nullities, and are stricken from the docket; Chiacchia's constructive motion to submit untimely amended pleadings is denied with prejudice; and Chiacchia's Verified Amended Complaint and Verified Answer to Defendants' Counter Claims are stricken from the docket. The only claims that remain pending are those asserted against Galten Farms, Ltd. The Clerk of Court is directed to terminate Schickedanz and Nowaskey as defendants, and to modify the caption accordingly. The Clerk of Court is further directed to transfer the case back to District Judge Arcara and Magistrate Judge Schroeder.

    **SO ORDERED.**

                                        **S/ Michael A. Telesca**

                                      _____
                                      HONORABLE MICHAEL A. TELESCA
                                      United States District Judge

Dated:    May 25, 2016
            Rochester, New York.